# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-723
Filed:  November 22, 2024

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
EMMA PATRICIA HERNANDEZ,              *
                                     *
            Petitioner,              *
                                     *
v.                                   *        Decision on Attorneys' Fees and Costs
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On June 15, 2020, Emma Patricia Hernandez ["Ms. Hernandez or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed vasculitis after receiving an influenza vaccine on or about October 12, 2018. Petition, ECF No. 1. On April 11, 2024, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the April 12, 2024. (ECF No. 58).

On May 21, 2024, petitioner filed an application for final attorneys' fees and costs. ("Fees App.") (ECF No. 63). Petitioner requests total attorneys' fees and costs in the amount of $44,068.91, representing $35,885.80 in attorneys' fees and $8,183.11 in costs. Fees App. at 2.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to General Order No. 9, petitioner indicated she has not advanced any funds in the prosecution of her claim *Id.* Respondent responded to the motion on May 23, 2024, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 64). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.   Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum

hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Leigh Finfer, $185.00 per hour for work performed in 2019, $200.00 per hour for work performed in 2020, $225.00 per hour for work performed in 2021, $250.00 per hour for work performed in 2022, $275.00 per hour for work performed in 2023; and $300.00 per hour for work performed in 2024; for Mr. Paul Brazil, $325.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, and $400.00 per hour for work performed in 2022; for Mr. Max Muller, $375.00 per hour for work performed in 2021; for Ms. Bridget McCullough, $225.00 per hour for work performed in 2019; and for Ms. Laura Levenberg, $350.00 per hour for work performed in 2022. These rates are consistent with what counsel have previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable herein.

## B.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear are reasonable. Therefore, petitioner is entitled to a final award of attorneys' fees in the amount of $35,885.80.

## C.    Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $8,183.11 in costs. Fees App. Ex. B at 1. This amount consists of acquiring medical records, the Court's filing fee, and postage. *Id*. These administrative costs are typical in Vaccine Program cases and were reasonably incurred in this matter.

Petitioner's requested costs also includes expert services performed by Dr. Philip L. Cohen at a rate of $500.00 per hour. Dr. Cohen is certified by the American Board of Internal Medicine and is certified in rheumatology. Ex. 19 at 2. Dr. Cohen is currently a Professor of Medicine and Microbiology/Immunology and Chief of Rheumatology Section at Temple University School of Medicine, and the Chief of Rheumatology at Temple University Hospital. *Id*. Dr. Cohen graduated from Yale University in 1972, and is currently licensed to practice medicine in Pennsylvania. *Id*. at 1-2. Other rheumatologist/immunologists who have provided expert work in the Vaccine Program have been awarded rates similar to what is sought for Dr. Cohen. *See, e.g., Zambelli v. Sec'y of Health & Human Servs.*, No. 19-551V, 2024 WL 1406314, at *6 (Fed. Cl. Spec. Mstr. Mar. 6, 2024) (awarding board-certified rheumatologist Dr. M. Eric Gershwin $500.00 per hour); *Bishara v. Sec'y of Health & Human Servs.*, No. 19-115V, 2024 WL 945728, at *6 (Fed. Cl. Spec. Mstr. Jan. 31, 2024) (awarding rheumatologist Dr. Samar Gupta $500.00 per hour). Based upon Dr. Cohen's credentials, the undersigned finds that $500.00 per hour is a reasonable hourly rate for his work, and that the hours he billed in this case are reasonable.

Finally, petitioner requests $2,500.00 for services provided by the Expert Institute. Fees App. Ex. B at 13. Although no explanation was provided, it appears that the Expert Institute was retained as an expert finder service to secure Dr. Cohen's services. *See* Fees App. Ex. A at 7 (billing entry by Ms. Finfer dated 10/19/21 "Review email from expert institute re scheduling conference call with 2 potential experts"); *see id*. at 8 (billing entry by Ms. Finfer dated 11/11/21 "Prepare email to expert institute re expert selected; next steps"). The undersigned questions whether this was a necessary expense. Rheumatologists and immunologists are frequently retained as experts in Vaccine Program cases, and while an expert referral service might be necessary to obtain an expert in a more niche field of medicine, the undersigned does not find it to be reasonable in the instant case. *See Halcrow v. Sec'y of Health & Human Servs.*, No. 16-212V, 2021 WL 4199921, at *4 (Fed. Cl. Spec. Mstr. Aug. 10, 2021). If counsel did not have any prior working relationships with experts in rheumatology and immunology from their prior Vaccine Program experience, a more practical solution would have been to reach out to their colleagues at the Vaccine Injured Petitioners Bar Association to inquire if other attorneys could recommend a medical expert with

the requisite experience given the facts of the instant case. However, the undersigned finds that cost of the services provided by the Expert Institute was reasonable in *this case* and will be paid in full. Counsel is cautioned that similar expenditures will be scrutinized and may not be paid in the future.

Accordingly, petitioner is awarded final attorneys' costs in the amount of $8,183.11.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards the following: **a lump sum of $44,068.91, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Ms. Leigh Finfer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).